# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MYRTIS PAULO HART,

    Plaintiff,

vs.                                                                             No. CV 19-0175 RB/GBW

MARK GALLEGOS, WARDEN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under Federal Rule of Civil Procedure 41(b) on the Prisoner's Civil Rights Complaint filed by Plaintiff Myrtis Paulo Hart, on March 4, 2019. (Doc. 1.) The Court dismisses this case without prejudice for failure to comply with statutes and Court Orders and failure to prosecute.

Acting *pro se*, Plaintiff filed this civil rights proceeding under 42 U.S.C. § 1983 on March 4, 2019. At the time he filed his Complaint, Hart was a prisoner incarcerated at the Curry County Detention Center. (Doc. 1 at 1, 2, 5.) Plaintiff did not pay the $400.00 filing fee. On March 4, 2019, Hart also filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. (Doc. 2.) The Court granted Hart leave to proceed without prepayment of fees or costs and ordered him to make an initial partial payment of $17.03 under 28 U.S.C. § 1915(b) on April 10, 2019. (Doc. 4.) The April 10, 2019 Order directed Hart to pay the initial partial payment of $17.03 or demonstrate why he should be relieved of the obligation to make the payment within 30 days of entry of the Order. (*Id.*)

More than 30 days have elapsed after entry of the April 10, 2019 Order, and Plaintiff did not pay the initial partial payment or otherwise respond to the Order. The Court then entered an

Order to Show Cause on May 15, 2019. (Doc. 5.) The Order directed Plaintiff to show cause why the case should not be dismissed for his failure to make the initial partial payment required by 28 U.S.C. § 1915(b) and the Court's April 10, 2019 Order. (*See id.*) Plaintiff did not make the initial partial payment, show cause, or otherwise respond to the Court's May 15, 2019 Order to Show Cause. The copy of the Order to Show Cause sent to Plaintiff's address of record was returned to the Court as undeliverable. (Doc. 6.) The Court's research indicates that Plaintiff was released from the custody of the Curry County Detention Center on April 26, 2019, and did not notify the Court of any change of address.

> When a prisoner is granted leave to proceed *in forma pauperis*, § 1915 provides:
>
> The court **shall** assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1) (emphasis added). Plaintiff's 6-month inmate account statement shows that Plaintiff had an account balance sufficient to pay the initial partial payment but spends his money on commissary purchases. (Doc. 2 at 4-6.) *See Shabazz v. Parsons*, 127 F.3d 1246, 1248–49 (10th Cir. 1997). "[W]hen a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused for failing to pay the initial partial filing fee." *Baker v. Suthers*, 9 F. App'x 947, 949 (10th Cir. 2001). Plaintiff has not paid the $17.03 initial partial payment or shown cause why he should be relieved of the obligation to pay.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing

address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Plaintiff has failed to comply with D.N.M. LR-Civ. 83.6.

The Court's April 10, 2019 and May 15, 2019 Orders directed Plaintiff to make the required partial payment under § 1915(b)(1) or show cause why the payment should be excused. (Docs. 4; 5.) Plaintiff has failed to make the initial partial payment and to comply with the Court's Orders. Plaintiff has also failed to keep the Court apprised of his mailing address and has failed to prosecute this case. The Court may dismiss an action under Rule 41(b) for failure to prosecute or to comply with statutes, the rules of civil procedure, local rules, or court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). The Court will dismiss this case for Plaintiff's failure to comply with 28 U.S.C. § 1915(b), D.N.M. LR-Civ. 83.6, and the Court's April 10, 2019 and May 15, 2019 Orders and for failure to prosecute this proceeding.

**IT IS ORDERED** that the Prisoner's Civil Rights Complaint filed by Myrtis Paulo Hart, on March 4, 2019 (Doc. 1) is **DISMISSED** without prejudice under Rule 41(b) for failure to comply with 28 U.S.C. § 1915(b), D.N.M. LR-Civ. 83.6, the Court's April 10, 2019 and May 15, 2019 Orders, and for failure to prosecute this proceeding.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE